Timothy J. Dack, WSBA #18870  
Attorney at Law  
P.O. Box 61645  
Vancouver, WA 98666-1645  
(360) 694-4227  
timdack@dackoffice.com  
Attorney for Creditor Helen H. Kim

Judge: Mary Jo Heston  
Chapter: 7  
Location: Vancouver, WA  
Hearing:  
Time:  
Response Date:

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re:<br><br>ARLA MENDENHALL,<br><br>            Debtor. | NO. 22-40902-MJH |
| HELEN H. KIM,<br><br>            Plaintiff,<br>vs.<br><br>ARLA MENDENHALL,<br><br>            Defendant(s). | ADV. PROC.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT 11 U.S.C. §523 ET SEQ. |

      The Plaintiff, Helen H. Kim ("Kim"), by and through her attorney, Timothy J. Dack, complains and alleges as set forth below against debtor/defendant, Arla Mendenhall.

*Parties and Venue*

      1.     Ms. Kim is a single individual and is a resident of Kelso, Cowlitz County, Washington.

      2.     Ms. Kim is a creditor of the defendant based upon a written contract with debtor/defendant's wholly owned Washington limited liability company, Exterior Repair Co., LLC., ("Exterior Washington").

COMPLAINT TO DETERMINE DISCHARGEABILITY OF  
DEBT 11 U.S.C. §523 ET SEQ.  
Page 1 of 4

TJD | Law Office of Timothy J. Dack  
1014 Franklin Street, Suite 102  
Post Office Box 61645  
Vancouver, Washington 98666-1645  
timdack@dackoffice.com  
Telephone (360) 694-4227

3. The debtor/defendant originally filed the above referenced Chapter 7 case before this Court on July 25, 2022 under the case number set forth above.

4. All acts complained of herein were undertaken for and on behalf debtor/defendant and her marital community.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1334, 11 U.S.C. §523 et seq., and 11 U.S.C. §727 et seq.

6. This is a core proceeding.

## *Statement of Facts*

7. Ms. Kim entered into a remodeling contract with Exterior Washington on October 18, 2018 for repairs and remodeling of her home located in Kelso, Cowlitz County, Washington.

8. On November 5, 2018, Ms. Kim paid Exterior Washington the sum of $18,250.00 by check.

9. Ms. Kim's November 7, 2018 check was deposited into a Bank of America account, #8298, that was owned by Exterior Repair Co., LLC, an Oregon limited liability company ("Exterior Oregon").

10. Exterior Oregon was never licensed to conduct business in the State of Washington.

11. Exterior Oregon was wholly owned by Lisa Moore and James Moore, the debtor/defendant's daughter and son-in-law.

12. Debtor/defendant was not a member or owner of Exterior Oregon.

13. The sole signators on the Exterior Oregon Bank of America account were Lisa Moore and James Moore.

14. On January 3, 2019, Ms. Kim paid Exterior Washington the sum of $10,820.00 by check that was deposited into Exterior Oregon's Bank of America account.

15. On February 6, 2019, Ms. Kim paid Exterior Washington the sum of $12,431.50 by check that was deposited into Exterior Oregon's Bank of America account.

16. On March 12, 2019 Ms. Kim paid Exterior Washington the sum of $54,500.00 by check that was deposited into Exterior Oregon's Bank of America account.

17. On April 1, 2019, Ms. Kim paid Exterior Washington the sum of $39,997.00 by check that was deposited into Exterior Oregon's Bank of America account.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT 11 U.S.C. §523 ET SEQ.
Page 2 of 4

TJD | Law Office of Timothy J. Dack
1014 Franklin Street, Suite 102
Post Office Box 61645
Vancouver, Washington 98666-1645
timdack@dackoffice.com
Telephone (360) 694-4227

18. On April 30, 2019, Ms. Kim paid Exterior Washington the sum of $39,997.00 by check that was deposited into Exterior Oregon's Bank of America account.

19. On May 20, 2019, Ms. Kim paid Exterior Washington the sum of $48,645.00 by check that was deposited into Exterior Oregon's Bank of America account.

20. On June 20, 2019, Ms. Kim paid Exterior Washington the sum of $43,240.00 by check that was deposited into Exterior Oregon's Bank of America account.

21. On June 19, 2019, Ms. Kim notified Exterior Washington of failures in the workmanship and damages that she had sustained due to the failures in workmanship.

22. On August 19, 2019 Ms. Kim paid Exterior Washington the sum of $17,836.50 by check that was deposited into Exterior Washington's Bank of America account.

23. On November 8, 2019, Ms. Kim paid Exterior Washington the sum of $13,512.50 by check that was deposited into Exterior Washington's Bank of America account.

24. In January of 2020, Exterior Oregon was administratively dissolved by the State of Oregon.

25. On July 29, 2020, Ms. Kim paid Exterior Washington the sum of $25,000.00 by check that was deposited into Exterior Washington's Bank of America account.

26. Despite demand to complete the scope of work set forth in the original remodeling contract, on August 17, 2020, Exterior Washington filed a materialman's lien claim against Ms. Kim's property in the amount of $25,144.00.

27. Ms. Kim commenced an action in Cowlitz County Superior Court, cause number, 20-2-00715-08, against the debtor/defendant and Exterior Washington, along with additional defendants.

28. In response to discovery requests, debtor/defendant stated that Exterior Washington had been dissolved, that Exterior Washington maintained no financial records, that Exterior Washington never contracted with Ms. Kim, and that Ms. Kim did not pay Exterior Washington any funds.

29. Debtor/defendant answered Ms. Kim's complaint by stating that Exterior Washington had no knowledge of Ms. Kim, did not contract with Ms. Kim, and did not receive any funds from Ms. Kim.

30. Despite demand, debtor/defendant has refused to account for the disbursement of the funds paid by Ms. Kim.

TJD | Law Office of Timothy J. Dack
1014 Franklin Street, Suite 102
Post Office Box 61645
Vancouver, Washington 98666-1645
timdack@dackoffice.com
Telephone (360) 694-4227

*First Cause of Action: 11 U.S.C. §523(a)(2)(A) and (B)*

31. Debtor/defendant obtained funds by false pretenses, false representations, and/or fraud from Ms. Kim by failing to complete the scope of work contracted for and by failing to account for the disbursement of funds paid by Ms. Kim and Ms. Kim's claim against debtor/defendant is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and (B).

*Second Cause of Action: 11 U.S.C. §523(a)(6)*

32. Debtor/defendant's acts of failing to complete the scope of work contracted for and by failing to account for the disbursement of funds paid by Ms. Kim constitute willful and malicious injury to another entity and are non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE the Plaintiff, Helen H. Kim, prays for a judgment against the debtor/defendant as follows:

A. For a judgment against debtor/defendant in an amount to be proven at trial;

B. For pre-judgment interest at the applicable interest rate;

C. For an award of reasonable attorney's fees and costs as allowed by law

D. For a declaration that the above awarded judgment is non-dischargeable pursuant to 11 U.S.C. §523 (a)(2)(A) and (B);

E. For a declaration that the above awarded judgment is non-dischargeable pursuant to 11 U.S.C. §523 (a)(6); and

F. For such further and other relief as the Court deems just and equitable.

Respectfully submitted this 21st day of October, 2022.

/s/ Timothy J. Dack
Timothy J. Dack, WSBA#18870
Attorney for Plaintiff Helen H. Kim

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT 11 U.S.C. §523 ET SEQ.
Page 4 of 4

TJD | Law Office of Timothy J. Dack
1014 Franklin Street, Suite 102
Post Office Box 61645
Vancouver, Washington 98666-1645
timdack@dackoffice.com
Telephone (360) 694-4227